Dean B. Herman (SBN 076752)
Hee Young Lee (SBN 207295)
Steven S. Son (SBN 265921)
KAUFMAN DOLOWICH & VOLUCK, LLP
11755 Wilshire Boulevard, Suite 2400
Los Angeles, California 90025
Tel: (310) 775-6511 / Fax: (310) 575-9720
E-mail: dherman@kdvlaw.com
       hylee@kdvlaw.com
       sson@kdvlaw.com

Attorneys for Plaintiff
SAMSUNG FIRE & MARINE INSURANCE CO., LTD (U.S. BRANCH)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION LOS ANGELES

| | |
|---|---|
| SAMSUNG FIRE & MARINE INSURANCE CO., LTD. (U.S. BRANCH), <br><br>Plaintiff, <br><br>v. <br><br>AFR APPAREL INTERNATIONAL, INC. d/b/a PARISA USA, a California corporation, KLAUBER BROTHERS, INC., a New York corporation, and TARGET CORPORATION, a Minnesota corporation, <br><br>Defendants. | Case No.: <br><br>**COMPLAINT FOR DECLARATORY RELIEF BY SAMSUNG FIRE & MARINE INSURANCE CO., LTD. (U.S. BRANCH)** |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Plaintiff Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch) alleges as follows:

### I.    JURISDICTION AND VENUE

1. This Court's jurisdiction is based upon diversity of citizenship pursuant to 28

1  U.S.C. § 1332.

2.  The matter in controversy in this civil action exceeds the sum of $75,000.

3.  Venue is appropriate in this Court pursuant to 28 U.S.C. §1391.

4.  Samsung Fire & Marine Insurance Co., Ltd. (U.S. Branch) (hereinafter "Samsung" or "Plaintiff") is, and at all relevant times was, a Korean corporation organized under the laws of the Republic of Korea. Samsung is authorized to write insurance in the United States, and specifically in the State of California.

5.  Samsung is informed and believes that Defendant AFR APPAREL INTERNATIONAL, INC. d/b/a PARISA USA (hereinafter "AFR") is a corporation incorporated in the State of California with its principal place of business located at 19401 Business Center Drive, Northridge, California 91324.

6.  Samsung is informed and believes that Defendant KLAUBER BROTHERS, INC. (hereinafter "Klauber") is a corporation incorporated in the State of New York with its principal place of business located at 980 Avenue of the Americas, New York, New York 10018.

7.  Klauber is only named in this lawsuit as a potentially interested party and there are no allegations made against Klauber herein.

8.  Samsung is informed and believes that Defendant TARGET CORPORATION (hereinafter "Target") is a corporation incorporated in the State of Minnesota, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

## II.  NATURE OF ACTION

9.  In addition to other relief sought, this is a declaratory relief action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, for the purpose of determining a question of actual controversy between the parties as more fully set forth below.

10.  Samsung seeks a judicial declaration that a Commercial General

Liability policy of insurance issued by Samsung to AFR bearing policy number CPP 0064232 00 (the "Policy") does not afford coverage for the underlying lawsuit commenced by Klauber against AFR and Target entitled *Klauber Brothers, Inc. v. Target Corporation and AFR Apparel International, Inc. d/b/a Parisa USA*, which is currently pending in the United States District Court for the Southern District of New York and bears Civil Action Number 14-cv-2125 (the "Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit is attached hereto as **Exhibit "A"**.

11. The Underlying Lawsuit alleges, among other things, copyright infringement by AFR and Target of certain fabric design(s).

12. Substantially all of the allegations of the Underlying Lawsuit arose out of AFR's activities in the State of California.

## FACTUAL BACKGROUND COMMON TO ALL CLAIMS

### A. The Underlying Lawsuit

13. The Underlying Lawsuit was commenced on March 26, 2014 by Klauber against Target and AFR.

14. The Underlying Lawsuit arises out of the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*

15. It is alleged in the Underlying Lawsuit that Klauber is engaged in the "design, manufacture and sale of knit lace fabrics of original and distinctive design" including the design, in 2005, of an "original design in lace fabric…which Klauber designated as design number 7725."

16. It is alleged in the Underlying Lawsuit that on January 7, 2005, design No. 7725 "was published" and a "Certificate of Copyright Registration" has been received for design number 7725.

17. It is alleged in the Underlying Lawsuit that AFR and Target "infringed Klauber's copyright in such fabric design" by actually or participating in, among other things, importing, manufacturing, or advertising a copy of such fabric.

18. It is alleged in the Underlying Lawsuit that in 2013, Klauber became aware of the infringement by Target through Target's sale of clothing that contained design number 7725.

19. It is alleged in the Underlying Lawsuit that Klauber allegedly notified Target of such infringement on June 19, 2013.

20. It is alleged in the Underlying Lawsuit that Target continued to sell the infringing material.

21. It is alleged in the Underlying Lawsuit that Klauber has been damaged by the alleged infringements in an unspecified amount.

22. AFR and Target have sought coverage from Samsung under the Policy in connection with the Underlying Lawsuit.

### B. Samsung's Reservation of Rights

23. On July 18, 2014, Samsung agreed to provide a defense to AFR subject to a reservation of rights. A copy of the reservation of rights letter is attached hereto as **Exhibit "B"**.

24. Samsung reserved its rights to deny coverage based on several provisions of the Policy.

25. Samsung specifically reserved its right to deny coverage to the extent Klauber's recovery from AFR was limited to the uncovered allegations of "importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, [and] selling" of copyrighted material.

26. Samsung specifically reserved its right to deny coverage based on the allegation that the alleged advertisement of the copyright-protected material took place prior to the inception date of the Policy.

27. Samsung specifically reserved its right to deny coverage based on the allegation that the alleged advertisement of the copyright-protected material was first published before the beginning of the policy period.

28. Samsung specifically reserved its right to deny coverage for any

4
COMPLAINT FOR DECLARATORY RELIEF

alleged infringement of copyright, patent, trademark, trade secret, or other intellectual property rights.

29. On August 7, 2014, counsel for AFR responded to the reservation of rights by seeking coverage for Target as an additional insured under the Policy. A copy of the August 7, 2014 letter, with an attachment, is attached hereto as **Exhibit "C"**.

30. On August 28, 2014, Samsung responded to the tender by issuing a supplemental reservation of rights to Target. A copy of the supplemental reservation of rights is attached hereto as **Exhibit "D"**.

31. Samsung advised Target that it did not provide sufficient information to trigger additional insured coverage on its behalf on the Policy.

32. Specifically, the "Target Conditions of Contract" did not evidence a contract with an insurance procurement requirement between Target and AFR to trigger coverage.

33. Samsung further specifically reserved its right to deny coverage to the extent Klauber's recovery from Target was limited to the uncovered allegations of "importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, [and] selling" of copyrighted material.

34. Samsung specifically reserved its right to deny coverage based on the allegation that the alleged advertisement of the copyright-protected material took place prior to the inception date of the Policy.

35. Samsung specifically reserved its right to deny coverage based on the allegation that the alleged advertisement of the copyright-protected material was first published before the beginning of the policy period.

36. Samsung specifically reserved its right to deny coverage for any alleged infringement of copyright, patent, trademark, trade secret, or other intellectual property rights.

37. On October 7, 2014, Samsung issued a supplemental reservation of

rights letter to Target and AFR. Samsung agreed to provide a defense to Target as an additional insured under the Policy, subject to Samsung's prior reservations of rights, based on the information Target had provided and the representations that Target had made. Samsung also advised Target and AFR that Samsung continues to reserve the right to seek reimbursement for any and all defense fees and costs incurred in the uncovered defense of Target and/or AFR, and for any and all amounts paid to resolve uncovered claims. A copy of this supplemental reservation of rights letter is attached hereto as **Exhibit "E"**.

### C. The Policy

38. Samsung issued the Policy, a Commercial Package Policy, bearing policy number CPP 0064232 00, for the stated policy period October 16, 2013 to October 16, 2014. The Policy contains a Commercial General Liability coverage part, which has a limit of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate.

39. The Policy contains the following "Insuring Agreement", which states in pertinent part:

> **SECTION I – COVERAGES**
>
> **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

\* \* \*

  b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

40. The Policy contains the following "Material Published Prior To Policy Period" exclusion, which states in pertinent part:

**2. Exclusions**

This insurance does not apply to:

\* \* \*

  c.  **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

\* \* \*

41. The Policy contains the following "Infringement Of Copyright, Patent, Trademark Or Trade Secret" exclusion, which states in pertinent part:

**2. Exclusions**

This insurance does not apply to:

\* \* \*

  i.  **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such

7

other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

42. The Policy contains the following "Contractual Liability" exclusion, which states in pertinent part:

> **2. Exclusions**
>
> This insurance does not apply to:
>
>               \*     \*     \*
>
> **e.**     **Contractual Liability**
>
> "Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

43. The Policy also contains a "Commercial Liability Extension" Endorsement, which provides additional insured coverage as follows:

> **A.     ADDITIONAL INSUREDS - BY CONTRACT, AGREEMENT OR PERMIT**
>
> 1. Paragraph **2.** under **SECTION II - WHO IS AN INSURED** is amended to include as an insured any person or organization when you and such person or organization have agreed in writing in a contract, agreement or permit that such person or organization be added as an additional insured on your policy to provide insurance such as is afforded under this Coverage Part. Such person or organization is not entitled to any notices that we are required to send to the Named Insured and is an additional insured only with respect to liability arising out of:
>
> **a.**     Your ongoing operations performed for that person or organization; or
>
> **b.**     Premises or facilities owned or used by you.

With respect to provision **1.a.** above, a person's or organization's status as an insured under this endorsement ends when your operations for that person or organization are completed.

With respect to provision **1.b.** above, a person's or organization's status as an insured under this endorsement ends when their contract or agreement with you for such premises or facilities ends.

**2.** This endorsement provision **A.** does not apply:

a. Unless the written contract or agreement has been executed, or permit has been issued, prior to the "bodily injury", "property damage" or "personal and advertising injury";

\* \* \*

c. To the rendering of or failure to render any professional services including, but not limited to, any professional architectural, engineering or surveying services such as:

(1) The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

(2) Supervisory, inspection, architectural or engineering activities;

d. To "bodily injury", "property damage" or "personal and advertising injury" arising out of any act, error or omission that results from the additional insured's sole negligence or wrongdoing;

e. To any person or organization included as an insured under provision **B.** of this endorsement;

      f.      To any person or organization included as an insured by a separate additional insured endorsement issued by us and made a part of this policy.

### FIRST CLAIM FOR DECLARATORY RELIEF
### RE: NO ADVERTISEMENT OF COPYRIGHT-PROTECTED MATERIAL

44. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "43" above as if set forth fully herein.

45. Samsung only provides coverage pursuant to the terms and conditions of the Policy.

46. Pursuant to the terms and conditions of the Policy, Samsung only provides defense and indemnity coverage for alleged "personal and advertising injury" as those terms are defined by the Policy.

47. The only allegation in the Underlying Lawsuit that may fall within the Policy's definition of "personal and advertising injury" is the allegation of advertisement of the copyright-protected material.

48. Upon information and belief, there was no advertisement of the copyright-protected material.

49. By reason of the foregoing, Samsung is entitled to a declaration that neither AFR nor Target is entitled to coverage under the Policy with respect to the Underlying Lawsuit.

50. Further, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is entitled to withdraw its defense of AFR and Target in connection with the Underlying Lawsuit.

51. Moreover, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is not required to indemnify AFR and/or Target for any amounts that AFR agrees to pay or is adjudged liable to pay as damages in connection with the Underlying Lawsuit.

## SECOND CLAIM FOR DECLARATORY RELIEF
## RE: ALLEGED INFRINGING ACTIVITY PRIOR TO POLICY PERIOD

52. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "51" above as if set forth fully herein.

53. Samsung only provides coverage pursuant to the terms and conditions of the Policy.

54. Pursuant to the terms and conditions of the Policy, Samsung only provides defense and indemnity coverage for alleged "personal and advertising injury" during the Policy's policy period.

55. It is alleged in the Underlying Lawsuit that the alleged infringing activity took place prior to the Policy's policy period.

56. By reason of the foregoing, Samsung is entitled to a declaration that neither AFR nor Target is entitled to coverage under the Policy with respect to the Underlying Lawsuit.

57. Further, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is entitled to withdraw its defense of AFR and Target in connection with the Underlying Lawsuit.

58. Moreover, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is not required to indemnify AFR and/or Target for any amounts that AFR and/or Target agree(s) to pay or is adjudged liable to pay as damages in connection with the Underlying Lawsuit.

## THIRD CLAIM FOR DECLARATORY RELIEF
## RE: "MATERIAL PUBLISHED PRIOR TO POLICY PERIOD" EXCLUSION

59. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "58" above as if set forth fully herein.

60. Samsung only provides coverage pursuant to the terms and conditions of the Policy, and subject to the exclusions contained in the Policy.

COMPLAINT FOR DECLARATORY RELIEF

61. Pursuant to the Policy's "Material Published Prior To Policy Period" exclusion, the Policy does not provide coverage for "personal and advertising injury" arising out of first publication prior to the Policy's policy period.

62. It is alleged in the Underlying Lawsuit that the alleged infringing activity took place prior to the Policy's policy period.

63. By reason of the foregoing, Samsung is entitled to a declaration that neither AFR nor Target is entitled to coverage under the Policy with respect to the Underlying Lawsuit.

64. Further, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is entitled to withdraw its defense of AFR and Target in connection with the Underlying Lawsuit.

65. Moreover, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is not required to indemnify AFR and/or Target for any amounts that AFR and/or Target agree(s) to pay or is adjudged liable to pay as damages in connection with the Underlying Lawsuit.

## FOURTH CLAIM FOR DECLARATORY RELIEF
## RE: "INFRINGEMENT OF COPYRIGHT, PATENT, TRADEMARK OR TRADE SECRET" EXCLUSION

66. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "65" above as if set forth fully herein.

67. Samsung only provides coverage pursuant to the terms and conditions of the Policy, and subject to the exclusions contained in the Policy.

68. Pursuant to the Policy's "Infringement Of Copyright, Patent, Trademark Or Trade Secret" exclusion, the Policy does not provide coverage for "personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret, or other intellectual property rights, not including infringement in AFR and/or Target's "advertisement", of copyright, trade dress, or slogan.

69. It is alleged in the Underlying Lawsuit that AFR and/or Target engaged in the infringement of copyright, patent, trademark, trade secret, or other intellectual property.

70. By reason of the foregoing, Samsung is entitled to a declaration that neither AFR nor Target is entitled to coverage under the Policy with respect to the Underlying Lawsuit.

71. Further, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is entitled to withdraw its defense of AFR and Target in connection with the Underlying Lawsuit.

72. Moreover, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is not required to indemnify AFR and/or Target for any amounts that AFR and/or Target agree(s) to pay or is adjudged liable to pay as damages in connection with the Underlying Lawsuit.

## FIFTH CLAIM FOR DECLARATORY RELIEF
## RE: "CONTRACTUAL LIABILITY" EXCLUSION

73. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "72" above as if set forth fully herein.

74. Samsung only provides coverage pursuant to the terms and conditions of the Policy, and subject to the exclusions contained in the Policy.

75. Pursuant to the Policy's "Contractual Liability" exclusion, the Policy does not provide coverage for "personal and advertising injury" for which the insured has assumed liability in a contract or agreement.

76. By reason of the foregoing, Samsung is entitled to a declaration that AFR is not entitled to coverage for any amounts it has agreed to pay on behalf of Target in connection with the Underlying Lawsuit.

## SIXTH CLAIM FOR DECLARATORY RELIEF
## RE: "ADDITIONAL INSURED" ENDORSEMENT

77. Plaintiff repeats and re-alleges each and every allegation set forth in

Paragraphs "1" through "76" above as if set forth fully herein.

78. Samsung only provides coverage pursuant to the terms and conditions of the Policy, and subject to the exclusions contained in the Policy.

79. Pursuant to the Policy's "ADDITIONAL INSUREDS - BY CONTRACT, AGREEMENT OR PERMIT" endorsement, the Policy provides additional insured coverage when specifically set forth conditions are met.

80. Target has not met all of the pre-conditions for additional insured coverage as set forth by the Policy.

81. By reason of the foregoing, Samsung is entitled to a declaration that Target is not entitled to coverage under the Policy with respect to the Underlying Lawsuit.

82. Further, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is entitled to withdraw its defense of Target in connection with the Underlying Lawsuit.

83. Moreover, by reason of the foregoing, Samsung is also entitled to a declaration that Samsung is not required to indemnify Target for any amounts that Target agree(s) to pay or is adjudged liable to pay as damages in connection with the Underlying Lawsuit.

## SEVENTH CLAIM FOR DECLARATORY RELIEF
## RE: REIMBURSEMENT OF DEFENSE FEES AND COSTS

84. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "83" above as if set forth fully herein.

85. Samsung only provides coverage pursuant to the terms and conditions of the Policy, and subject to the exclusions contained in the Policy.

86. Samsung advised AFR and Target that Samsung reserves the right to seek reimbursement for any and all defense fees and costs incurred in the uncovered defense of AFR and/or Target.

87. Samsung is entitled to a declaration that AFR and Target must

reimburse Samsung for any and all defense fees and costs incurred in the uncovered defense of AFR and Target because there is no duty to defend AFR or Target in the Underlying Lawsuit.

## EIGHTH CLAIM FOR REIMBURSEMENT

88. Plaintiff repeats and re-alleges each and every allegation set forth in Paragraphs "1" through "87" above as if set forth fully herein.

89. Samsung only provides coverage pursuant to the terms and conditions of the Policy, and subject to the exclusions contained in the Policy.

90. Samsung advised AFR and Target that Samsung reserves the right to seek reimbursement for any and all defense fees and costs incurred in the uncovered defense of AFR and/or Target.

91. Samsung is entitled to a declaration that AFR and Target must reimburse Samsung for any and all defense fees and costs incurred in the uncovered defense of AFR and Target because there is no duty to defend AFR or Target in the Underlying Lawsuit.

92. Samsung is entitled to be reimbursed, in an amount to be determined at trial, which is equal to the defense fees and costs that Samsung has incurred in providing a defense to AFR and Target in connection with the Underlying Lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief and judgment:

A. Declaring that Samsung is not required to provide coverage to AFR in connection with the Underlying Lawsuit;

B. Declaring that Samsung is not required to provide a defense to AFR in connection with the Underlying Lawsuit;

C. Declaring that Samsung is entitled to withdraw its defense of AFR in connection with the Underlying Lawsuit;

D. Declaring that Samsung is not obligated to provide indemnity to AFR in connection with the Underlying Lawsuit;

E. Declaring that Samsung is not required to provide coverage to Target in connection with the Underlying Lawsuit;

F. Declaring that Samsung is not required to provide a defense to Target in connection with the Underlying Lawsuit;

G. Declaring that Samsung is entitled to withdraw its defense of Target in connection with the Underlying Lawsuit;

H. Declaring that Samsung is not obligated to provide indemnity to Target in connection with the Underlying Lawsuit;

I. Declaring that Samsung is entitled to reimbursement of defense fees and costs from AFR that were incurred and are attributable to uncovered claims during any period when Samsung has no duty to defend;

J. Declaring that Samsung is entitled to reimbursement of defense fees and costs from Target that were incurred and are attributable to uncovered claims during any period when Samsung has no duty to defend;

K. A money judgment against AFR, in an amount to be proven at trial, for any and all defense fees and costs that Samsung incurred in providing a defense to AFR in connection with the Underlying Lawsuit;

COMPLAINT FOR DECLARATORY RELIEF

1     L.    A money judgment against Target, in an amount to be proven at trial, for any and all defense fees and costs that Samsung incurred in providing a defense to Target in connection with the Underlying Lawsuit;

    M.    Awarding Samsung the costs and disbursements of this action; and

    N.    Awarding such other relief as this Court may deem just and proper.

Dated: December 1, 2014        KAUFMAN DOLOWICH & VOLUCK, LLP

By: s/ Steven S. Son    /
    Dean B. Herman
    Hee Young Lee
    Steven S. Son
    Attorneys for Plaintiff SAMSUNG FIRE & MARINE INSURANCE CO., LTD (U.S. BRANCH)