O

# United States District Court
# Central District of California

| | |
|---|---|
| SAMSUNG FIRE & MARINE INSURANCE CO. LTD., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>AFR APPAREL INTERNATIONAL, INC.; KLAUBER BROTHERS, INC.; and TARGET CORPORATION, <br><br>　　　　　Defendants. | Case № 2:14-cv-9642-ODW(JCx) <br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY [32]** |

## I.   INTRODUCTION

This declaratory relief action arises out of an insurance coverage dispute between Plaintiff Samsung Fire & Marine Insurance Co. Ltd. ("Samsung") and its insured, Defendants AFR Apparel International and Target Corporation (collectively "AFR").  Samsung seeks a declaration that a commercial package policy issued to AFR does not give rise to a duty to defend or indemnify AFR with respect to a lawsuit brought by Klauber Brothers, Inc. ("Klauber") against AFR.  AFR moves to stay the declaratory relief action pending resolution of the underlying litigation.  Samsung opposes the motion for stay and argues that an early motion for summary judgment would be appropriate in this case.  For the reasons discussed below, the Court

**DENIES** Defendants' Motion to Stay.[1] (ECF No. 32.)

## II. FACTUAL BACKGROUND

### A. The Policy

Samsung issued a Commercial Package Policy ("the Policy") on an occurrence basis, under policy number CCP 0064232 00, for the stated policy period October 16, 2013 to October 16, 2014. (*See* Mot., Ex. A.) Pursuant to the terms of the Insuring Agreement, the Policy provides:

> (a) We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offence and settle any claim or "suit" that may result. . . .
>
> (b) This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" **during the policy period.** (Emphasis added.)

(Mot., Ex. A at AFR-6.) The Policy contains the following exclusion: "This insurance does not apply to:

> . . .
>
> **(c) Material Published Prior To Policy Period**
> "Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

(*Id*.) The Policy defines "personal and advertising injury" as "injury, including consequential 'bodily injury,' arising out of one or more of the following offenses . . . Infringing upon another's copyright, trade dress or slogan in your 'advertisement.'" (*Id*. at AFR-9.)

### B. The Underlying Klauber Action

On March 26, 2014, Klauber filed suit against AFR in the United States District Court, Southern District of New York[2] ("Underlying Action"). (Mot., Ex. B.) Klauber alleges that it first published a copyrighted original lace fabric design, which it designates as Design No. 7725, on January 7, 2005. (*Id*. at ¶¶ 6–13.) Klauber also alleges that AFR "infringed Kaluber's copyright in such fabric design" by actually or participating in, among other things, the advertising of Klauber's Design No. 7725. (*Id*. at ¶¶ 14–16.) Further, Klauber alleges that AFR was notified on June 19, 2013, four months before the policy incepted, that they were selling garments that infringed Klauber's copyright of Design No. 7725, but that they continue to sell the offending products. (*Id*. at ¶¶ 17–18.)

On July 18, 2014, Samsung agreed to provide a defense for AFR under a reservation of rights. (*See* Mot., Ex. C.) On October 7, 2014, Samsung also agreed to provide a defense for Target, a purported additional insured, under a reservation of rights. (*Id*., Ex. G.)

On December 17, 2014, Samsung brought an action to this Court seeking declaration that it has (1) no duty to defend AFR in the Underlying Action; (2) no duty to defend Target because Target is not an additional insured; and (3) no duty to either indemnify AFR or Target in the Underlying Action nor any obligation to reimburse defense fees and costs paid to date. On March 3, 2015, AFR moved to stay this case pending resolution of the Underlying Action. (ECF No. 32.) A timely

---

[2] *Klauber Brothers, Inc. v. Target Corp., et al*., Case No. 13-cv-02125.

opposition and reply were filed. (ECF Nos. 33, 34.) That Motion is now before the Court for consideration.

### III. LEGAL STANDARD

A federal court sitting in diversity over a state law claim applies the law of the state where it is located in order to determine whether a stay is appropriate. *U.S. Fidelity & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1133–34 (9th Cir. 2011). The Court therefore appropriately considers California law in determining whether to stay this case.

"A court considering whether to stay a declaratory relief action must . . . consider precisely which issues are to be litigated in order to resolve the declaratory relief action, and whether those issues are related to factual issues yet to be litigated in the underlying action." *Great Am. Ins. Co. v. Super. Ct.*, 178 Cal. App. 4th 221, 235–36 (2009) (citing *Haskel, Inc. v. Super. Ct.*, 33 Cal. App. 4th 963, 980 (1995) (emphasis in original)). In *Montrose Chemical Corporation of California v. Superior Court* ("*Montrose I*"), 6 Cal. 4th 287 (1993), the California Supreme Court addressed the circumstances under which it is appropriate to stay an insurer's action for declaratory relief on the issues of its duties to defend or indemnify. The *Montrose I* Court provided examples, including when a stay is appropriate and another case where a stay was not inappropriate.

First, it found a stay is appropriate "when the third party seeks damages on account of the insured's negligence, and the insurer seeks to avoid providing a defense by arguing that its insured harmed the third party by intentional conduct[.]" 6 Cal. 4th at 302. In that case, "the potential that the insurer's proof will prejudice its insured in the underlying litigation is obvious[,]" and "[t]his is the classic situation in which the declaratory relief action should be stayed." *Id*.

In contrast, the Court cited *State Farm Mutual Automobile Insurance Company v. Flynt* ("*Flynt*"), 17 Cal. App. 3d 538 (1971) as an example where "the coverage question is logically unrelated to the issues of consequence in the underlying case."

*Id*. In *Flynt*, the insured's stepson was involved in an accident while driving a stolen car, and his passenger brought a personal injury suit. 17 Cal. App. 3d at 541. But insured's automobile liability insurance policy made permission for use of the car a condition of coverage. *Id*. at 543–44. The *Montrose I* Court indicated that in such circumstances, "the question whether the owner had granted permission for the driver's use of the car was irrelevant to the [passenger]'s personal injury claim, and could properly be determined in the declaratory relief action independently of the timing of the third party suit." 6 Cal. 4th at 302.

These examples are useful guideposts in how to assess whether the disputed coverage issues are consequential in an underlying case. "It is only where there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist." *Haskel,* 33 Cal. App. 4th at 980. The party seeking the stay has the burden of proving a stay is necessary. *Great Am.*, 178 Cal. App. 4th at 240–241.

### IV. DISCUSSION

In exercising discretion on a motion to stay, the following factors are considered: (1) whether the insured may be prejudiced if the insurer joins forces with the plaintiff in the underlying action; (2) whether the insured is compelled to fight a two-front war; and (3) whether the insured may be collaterally estopped from litigating factual findings in the third party action. *Great Am.*, 178 Cal. App. 4th at 236–237. "A stay is required in the first and third type of prejudice involving factual overlap." *United Enter., Inc. v. Super. Ct.*, 183 Cal. App. 4th 1004, 1012 (2010). Otherwise, "the question whether to grant a stay or fashion some other remedy is left to the discretion of the trial court." *Id*. In exercising its discretion whether to grant a stay, "the trial court should consider the possibility of prejudice to both parties." *Great Am.*, 178 Cal. App. 4th at 236. "If the insurer is correct and, in fact, it has no further duty to defend, it may nevertheless be required to keep paying defense costs indefinitely while the declaratory relief action is stayed." *Id*. at 236–37. "For this

1 reason, the trial court should not hesitate to fashion orders which attempt to balance these conflicting concerns." *Id*. at 237 (internal quotations omitted).

The Court will begin its analysis by determining whether either the first or third type of prejudice exists. The first type of prejudice occurs when the insurer "attacks" the insured to such degree that the insurer effectively joins forces with the plaintiff in the underlying action as a means to defeat coverage. *Montrose Chem. Corp. of Cal. v. Super. Ct.* ("*Montrose II*"), 25 Cal. App. 4th 902, 910 (1994). The Court finds that Samsung's Complaint does not contain the type of inflammatory allegations or language sufficiently negative to implicate the concern for prejudice raised in both *Montrose I* (*see supra*) and *Montrose II*.[3] Further, AFR has not provided any evidence that Samsung has effectively "joined forces" with Klauber in the Underlying Action.

The third type of prejudice occurs when there is a substantial factual overlap between the coverage questions raised by the declaratory relief action and the underlying litigation, such that "the insured may be collaterally estopped from relitigating any adverse factual findings in the third party action." *Montrose II*, 25 Cal. App. 4th at 910. In this case, the Policy's Insuring Agreement which limits coverage to offenses during the policy period as well as the "Prior Publication" Exclusion excluding coverage for: "'Personal and advertising injury' arising out of oral, written or electronic publication material whose first publication took place before the beginning of the policy period" (Mot., Ex. A at AFR-6) eliminate any possibility for coverage under the policy. AFR argues that litigating whether this prior publication exclusion bars Samsung's defense duty requires Samsung to conclusively prove that AFR published advertisements depicting the allegedly

---

[3] The example given in *Montrose II* was the insurer's description of the insured, Montrose, as "the manufacturer from hell" responsible for "the near extinction of the California brown pelican and the death of untold millions of birds and fish"; "a giant ball of DDT that has imperiled all aquatic life in the [Los Angeles] harbor"; and "numerous large fish kills in the Sacramento River, affecting in particular the winter-run Chinook salmon, listed as a threatened species." *Id*. at 910 n.7. As the *Montrose II* court commented, "[t]hat the plaintiffs in the third party actions would thus describe a defendant is to be expected. That an insurer should jump on the bandwagon while the third party actions are still pending is not." *Id*.

infringing design and that the advertisements were published prior to Samsung's policy inception. (Mot. 10.) That is half-right. The burden is initially on the insured to establish that the occurrence falls within the policy coverage. If the insured satisfies that burden, the burden then shifts to the insurer to prove that the occurrence falls within an exclusion in the policy. *Waller v. Truck Ins. Exch.* 4 Cal. 4th 1, 16 (1995); *Royal Globe Ins. Co v. Whitaker* 181 Cal. App. 3d 532, 537 (1986).

In the Underlying Action, Klauber alleges that AFR infringes Design No. 7725 and only that design. (*See* Mot., Ex. B at ¶¶ 1–19.) Klauber further alleges that it notified AFR on June 19, 2013 that they were, among other things, advertising garments that infringed Klauber's copyright of Design No. 7725. (*Id.* at ¶ 17.) The notification to AFR was four months prior to the Policy period of October 16, 2013 to October 17, 2014. Samsung argues any alleged activity, infringing or not, must have occurred well before the beginning of the Policy period and is thus excluded under the Policy. (Opp'n 8.)

This situation is similar to *Flynt* (*see supra*), which the California Supreme Court cited as an example of where "the coverage question is logically unrelated to the issues of consequence in the underlying case." *Montrose I*, 6 Cal. 4th at 302. As in *Flynt*, the issue of coverage is independent from liability in the Underlying Action. Samsung's obligation under the Policy depends on whether AFR's activities occurred prior to the coverage period. The determination of whether those activities actually infringed Klauber's design is irrelevant. Further, there is no evidence to indicate that Klauber intends to allege infringement activity that potentially would be covered within the Policy. (Opp'n 8.) Thus, it is unlikely that AFR would be collaterally estopped from litigating any factual findings in the Underlying Action.

Lastly, the Court turns to the second type of prejudice that absent a stay of Samsung's declaratory relief action AFR will be "compelled to fight a two-front war." *See Montrose II*, 25 Cal. App. 4th at 910. AFR's main basis for requesting a stay is that they are compelled to fight a three-front war, which includes defending

themselves in this case, the Underlying Action, and an additional state case. (Mot. 19–20.) Given the number of underlying actions at issue, requiring AFR to devote resources to the declaratory relief action clearly will impose some burden. However, the Court also must consider the prejudice to Samsung that would result from a stay. *See Great Am.*, 178 Cal. App. 4th at 236 ("the trial court should consider the possibility of prejudice to both parties"). Samsung has expended and continues to expend significant resources defending the Underlying Action for which it contends there is no coverage whatsoever. At the time of filing, Samsung projected to have spent $321,266.99 for independent counsel's fees and costs. (Opp'n 10.)

Samsung represents that it can demonstrate a complete absence of coverage under the Policy's Prior Publication Exclusion in a limited early motion for summary judgment. (Opp'n 14–15.) The Court concludes that it is appropriate to grant Samsung the opportunity to do so under its discretion to "fashion orders which attempt to balance these conflicting concerns." *Montrose II*, 25 Cal. App. 4th at 910; *see also Ironshore Specialty Ins. Co. v. 23andMe, Inc.*, No. 14-CV-03286-BLF, 2015 WL 2265900, at *5 (N.D. Cal. May 14, 2015).

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Stay. (ECF No. 32.) Samsung shall file a summary judgment motion on the limited issue of coverage under the Policy's Prior Publication Exclusion within **30 days** of this Order, unless the parties file a joint proposed briefing schedule by **August 28, 2015.**

**IT IS SO ORDERED.**

August 21, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**